**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| LESLIE M. JORDAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:08-CV-5 (CDL) |
| | * | 42 U.S.C. § 1983 |
| CORRECTIONS CORP. OF | * | |
| AMERICA, d/b/a STEWART | * | |
| DETENTION CENTER and | * | |
| CHRISTOPHER PETERSON, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff Jordan filed a pro se civil rights complaint on January 14, 2008. Plaintiff has also filed a motion to proceed *In Forma Pauperis*, seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any

county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Notwithstanding any filing fee or any portion thereof that may have been paid, or the finding that a plaintiff is unable to pay the filing fee, however, the court is required to dismiss a prisoner complaint if it determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

**DISCUSSION**

Plaintiff has filed what he claims is a *Bivens*[1] action, contending that his constitutional rights were violated by the Defendants where his incoming mail was tampered with and confiscated and that his marriage certificate and sons' birth certificates were sent to DHS/ICE. (R-1). Plaintiff seeks monetary damages in the amount of fifty (50) million dollars for punitive damages. *Id.*

---

[1]*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971).

Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In *Bivens*, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971). "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5 Cir. 1980), *cert. denied sub nom*; *Dean v. County of Brazoria*, 450 U.S. 983 (1981). A review of Plaintiff's complaint reveals that he has filed suit against the company who owns and manages the Stewart County Detention Center and the Warden of the same institution.

<u>Preliminary Review of Complaint</u>

Pursuant to 28 U.S.C. § 1915A (1996):

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

## CONCLUSION

As noted above, in his complaint, Plaintiff alleges that the Defendant Corporation, doing business as the Stewart Detention Center violated his civil rights by "maliciously and willfully" tampering with and confiscating his mail. Plaintiff seeks punitive relief for said actions.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a **specific injury** as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976)(emphasis added). When a pro se prisoner seeks monetary damages for mental or emotional injury, he must allege a physical injury. 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature. *Harris v. Garner*, 216 F. 3d 970, 984-85 (11th Cir. 2000).

The Eleventh Circuit also held that the requisite physical injury needed to satisfy 1997e and sustain damages must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.2000). A guide for determining the types of injuries that surmount the *de minimis* physical injury bar has been described as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)."

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997). In the current case, Plaintiff does not allege that the documents at issue were destroyed or otherwise rendered perpetually unobtainable. Specifically, Plaintiff has alleged no injury, but merely claims that his civil rights were violated when his mail was "confiscated." (R-1, p. 1). Thus, Plaintiff has failed to plead the type of injury required to pursue his claims. As such, Plaintiff's Complaint is legally and factually frivolous and fails to state a cause of action under 42 U.S.C. § 1997e(e).

THEREFORE, IT IS RECOMMENDED that Plaintiff's Motion for leave to Proceed *In Forma* Pauperis be GRANTED and that Plaintiff's Complaint be DISMISSED as legally frivolous and failing to state a cause of action upon which this court might grant relief. Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED this 12th day of February, 2008.

                                        S/ G. MALLON FAIRCLOTH
eSw                                UNITED STATES MAGISTRATE JUDGE